# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANDRE WILKS, <br><br> Defendant. | No. CR02-0034-LRR <br><br> **FINAL ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter is before the court pursuant to its July 28, 2008 order. In such order, the court, among other things, discussed several amendments to the Guidelines Manual, including Amendment 706 and Amendment 715, and it stated:

> Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court preliminarily deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. After adjusting the defendant's amended guideline range by the same percentage pursuant to USSG §5K1.1, . . . the maximum reduction results in a new term of 120 months imprisonment on count 1.

The court also notified the parties that they needed to file written objections to the proposed reduction to the defendant's sentence and that, if neither party objected, an order would be filed that makes final the new term of imprisonment.

Neither party filed objections to the court's July 28, 2008 order. Consequently, the court, under 18 U.S.C. § 3582(c)(2), grants a reduction in the defendant's term of imprisonment. The defendant's previously imposed 150 month term of imprisonment, as

reflected in the judgment dated January 21, 2003, is reduced to 120 months imprisonment.[1] The defendant's new term of 120 months imprisonment applies to count 1 of the indictment. Except as provided above, all provisions of the judgment dated January 21, 2003 remain in effect. As previously stated in the July 28, 2008 order and without a separate order from the court, the duration and conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 08719-029, and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 20th day of August, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] For purposes of the July 28, 2008 order and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 33 | Amended Offense Level: | 31 |
|---|---|---|---|
| Criminal History Category: | V | Criminal History Category: | V |
| Previous Guideline Range: | 210 to 262 months | Amended Guideline Range: | 168 to 210 months |

At the defendant's sentencing, the court imposed a term of imprisonment below the guideline range applicable to the defendant as a result of a departure under USSG §5K1.1. Consequently, the reduced term of 120 months imprisonment is comparably less than the amended guideline range.